**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COLFIN BULLS FUNDING A, LLC, | ) | |
| | ) | |
| Appellant, | ) | Case No.:  1:15-cv-03118 |
| | ) | |
| v. | ) | Bankruptcy Case No.:  12-31336 |
| | ) | |
| GUS A. PALOIAN, not individually or personally but solely in his capacity as the Chapter 11 Trustee of Debtor's Estate, | ) ) ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Appellee. | ) | |

**MOTION TO STAY APPEAL AND FOR RELATED RELIEF**

ColFin Bulls Funding A, LLC ("Appellant"), by and through its counsel Polsinelli PC, respectfully requests entry of an order staying this appeal pending resolution of a related adversary proceeding captioned *ColFin Bulls Funding A, LLC v. Paloian*, Adv. No. 15-00264 (the "Adversary Proceeding") pending before the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") and granting related relief,[1] and in support thereof states as follows:

INTRODUCTION

1.     Appellant seeks to stay the present appeal so the Bankruptcy Court can first resolve the pending Adversary Proceeding involving the same parties and common issues relating to the parties' Settlement Agreement governing the sale of the Lombard Parcel at issue in this appeal.  Staying the appeal will avoid duplicative, piecemeal litigation and the attendant costs as well as the risk of inconsistent results.  The Trustee and the Debtor's Estate will not be

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Adversary Complaint for Declaratory Relief (the "Adversary Complaint" or "Cmplt.") filed by Appellant against the Trustee in the Adversary Proceeding.  A true and correct copy of the Adversary Complaint is attached hereto as Exhibit A.

1

prejudiced by the proposed stay, but will benefit from avoiding the expense of duplicative litigation.

## PROCEDURAL HISTORY

2.      As set forth in the attached Adversary Complaint, this appeal stems from an order (the "Debtor Purchase Authority Order") entered by the Bankruptcy Court authorizing the Trustee to use Estate funds outside the ordinary course of business to enable the Debtor to purchase the Lombard Parcel.  (*See* Cmplt., ¶¶ 60-62.)

3.      Appellant filed an objection (the "Objection" or "Obj.") to the Debtor Purchase Authority Motion filed by the Trustee, pursuant to which the Bankruptcy Court entered the Debtor Purchase Authority Order, because the proposed sale of the Lombard Parcel to the Debtor violated the express terms of a Settlement Agreement between Appellant and the Trustee, which had previously been approved by the Bankruptcy Court.  (*See* Obj., ¶¶ 10-12, 17; *see also* Cmplt., ¶¶ 54-57, 61.)  A true and correct copy of the Objection is attached hereto as Exhibit B (Record on Appeal, or "ROA," pp. 171-201).

4.      On March 24 and 25, 2015, the Bankruptcy Court held a hearing on the Debtor Purchase Authority Motion.  True and correct copies of the Transcripts of Proceedings on March 24 and 25, 2015, are attached hereto as Exhibits C (ROA, pp. 356-375) and D (ROA, pp. 376-396), respectively.  At the hearing, the Trustee argued that granting the Debtor Purchase Authority Motion would not prejudice Appellant's rights under the Settlement Agreement, and the issue of whether the proposed sale of the Lombard Parcel to the Debtor violated the Settlement Agreement would be decided in an adversary proceeding to be filed thereafter.  (*See* Transcript of Proceedings on March 25, 2015, Exhibit D, pp. 12-14, 16-18 (ROA, pp. 387-389, 391-393).

2

5.     Because the Debtor Purchase Authority Motion would not prejudice Appellant's rights under the Settlement Agreement to be determined in the future adversary proceeding, the Bankruptcy Court overruled Appellant's Objection.  In so doing, the Bankruptcy Court did not address the substantive issues raised by Appellant in its Objection to the Debtor Purchase Authority Motion.

6.     On March 25, 2015, the Bankruptcy Court entered the Debtor Purchase Authority Order granting the Debtor Purchase Authority Motion filed by the Trustee.  Consistent with the Trustee and the Bankruptcy Court's statements during the hearing, the Debtor Purchase Authority Order provides that "[t]his order is without prejudice to the partys' [sic] rights under the Settlement Agreement." A true and correct copy of the Debtor Purchase Authority Order is attached hereto as Exhibit E (ROA, pp. 209-210).

7.     The Trustee thereafter caused a deed to the Lombard Parcel to be transferred to the Debtor, with the purchase price proceeds being held in escrow and the Lombard Senior Mortgage held by the Estate and the Lombard Junior Mortgage held by Appellant remaining recorded against the Lombard Parcel pending resolution of the parties' dispute under the Settlement Agreement.

8.     On April 8, 2015, Appellant filed its Notice of Appeal and Statement of Election, thus commencing the present appeal.  Appellant's opening brief is due to be filed on June 8, 2015.  *See* Fed. R. Bankr. P. 8018(a)(1).   The Initial Status Hearing in this appeal is set for June 16, 2015.

9.     On April 20, 2015, Appellant filed the Adversary Complaint against the Trustee to resolve the parties' disputes under the Settlement Agreement.  In particular, Appellant seeks a declaration that the Trustee's purported sale of the Lombard Parcel to the Debtor violated the

express provisions of the parties' Settlement Agreement and, therefore, the Settlement Agreement has expired and been rendered null and void *ab initio* in its entirety. The allegations in the Adversary Complaint are the same or substantially the same as Appellant's arguments in opposition to the proposed sale as set forth in the Objection. (*Compare* Obj., ¶¶ 10-12, 17 *with* Cmplt., ¶¶ 54-57, 61.)

10. On May 27, 2015, the Trustee filed a First Amended Answer, Affirmative Defenses and Counterclaims against Appellant in the Adversary Proceeding. Appellant's response to the Trustee's Counterclaims is due on June 17, 2015, and the Adversary Proceeding is set for a status hearing before the Bankruptcy Court on June 30, 2015.

## RELIEF REQUESTED

11. Appellant respectfully requests that the Court stay this appeal pending resolution of the Adversary Proceeding by the Bankruptcy Court. The Adversary Proceeding will resolve matters in controversy between the same parties involving the same operative Settlement Agreement at issue in this appeal. Staying this appeal will allow the Bankruptcy Court to resolve the common underlying issues, which will avoid the risk of inconsistent results.

12. Staying the appeal will also enable the parties and the Court to avoid the significant expense and burden of duplicative, piecemeal litigation. In that regard, the resolution of the Adversary Proceeding may render this appeal moot. Or, if the losing party in the Adversary Proceeding appeals the Bankruptcy Court's judgment therein, that appeal can be consolidated with the present appeal so that the common and other issues in the two appeals can be decided by this Court at the same time.

13. Finally, there will be no detriment or disadvantage to the Trustee if this appeal is stayed pending resolution of the Adversary Proceeding. The purchase price proceeds from the

4

purported sale of the Lombard Parcel are being held in escrow and the Lombard Senior Mortgage held by the Estate and the Lombard Junior Mortgage held by Appellant remain recorded against the Lombard Parcel pending resolution of the Adversary Proceeding, so there is no urgency for this appeal to be decided.

### BASIS FOR REQUESTED RELIEF

14.     "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[.]" *In re Groupon Derivative Litigation*, 882 F.Supp.2d 1043, 1045 (N.D. Ill. 2012) (citation omitted).   And, the court has broad discretion in exercising its authority to stay proceedings.  *Id.* at 1045-46 (citing *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995)).   In deciding whether to grant a stay, courts will "balance the competing interests of the parties and the interest of the judicial system", and consider three factors: 1) whether a stay will simplify the issues in question and streamline the trial; 2) whether a stay will reduce the burden of litigation on the parties and on the court; and 3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Id.* at 1045.

15.     As set forth in the Objection and the Adversary Complaint, there are substantial similarities between the Adversary Proceeding and the instant appeal, including the same two parties and the same operative Settlement Agreement.   The issues in both proceedings are common and inter-related, such that if the Adversary Proceeding is resolved in Appellant's favor, it would streamline the issues in this appeal and may render the appeal moot.  The same is true if the Trustee prevails in the Adversary Proceeding.

16.     Additionally, because both proceedings involve common issues, there is a risk of inconsistent results if both proceedings are allowed to proceed simultaneously. *See Pfizer Inc. v. Apotex Inc.*, 630 F.Supp.2d 1006, 1008 (N.D. Ill. 2009)  The Bankruptcy Court should resolve the underlying common issues in the first instance, and if the losing party in the Adversary Proceeding appeals the Bankruptcy Court's judgment, the common and other issues in the two appeals can be decided by this Court then in a consolidated appeal.

17.     Further, it is appropriate that this appeal be stayed because both the Trustee and the Bankruptcy Court agreed at the hearing on the Debtor Purchase Authority Motion that the granting of that motion would be without prejudice to Appellant's rights under the Settlement Agreement, which they acknowledged and agreed would be resolved in the now-filed Adversary Proceeding.

> MR. SWITZER: So to get to the current motion, your Honor, because the proposed transaction that the trustee seeks to pursue expressly violates the provisions of the settlement agreement because they don't have our written consent to the sale price, it's not a reasonable exercise of his business judgment to pursue the transaction.  And so, you know, he can say there is no prejudice, we can litigate the issues later, but the point is this transaction, which is an insider transaction, a violation of the agreement, is dead on arrival.  So why authorize him to spend over a million dollars – I don't know what the exact figures are – to try to orchestrate a transaction with himself, and then we can litigate later what the meaning of the documents are when it's so clear on its face?
>
> THE COURT: All right.
>
> MR. PALOIAN:  Judge, everything you've heard from ColFin's counsel, that's their defense to a future adversary proceeding by the estate.  That's what it is…So if you authorize the sale to go forward, I'm going to go forward to a closing, and either ColFin is going to show up at closing with the release for its second mortgage or they're not.
>
> THE COURT: All right.
>
> MR. PALOIAN: If they don't, there will be subsequent litigation, and then you'll hear all these arguments in a subsequent adversary proceeding…

…

MR. SWITZER: Your Honor, just to understand the ruling, this is without prejudice to the underlying issues regarding –

THE COURT: Well, it's always without prejudice….

…

MR. SWITZER: Well, your Honor, I would certainly request language be added to make clear this is without prejudice to ColFin's underlying objections to the sale agreement itself.

…

MR. PALOIAN: And so I don't think it's appropriate to say that their objection is preserved. What we --- what you haven't done is you haven't ruled on the parties' respective rights under the settlement agreement, and that's an issue for a later date. And I just said it on the record, and I couldn't be anymore clear about that issue….

Exhibit D, pp. 12-14, 16-18 (ROA, pp. 387-389, 391-393).

If this appeal were to move forward now, this Court would need to make a determination regarding the same issues which the Trustee and the Bankruptcy Court agreed would be resolved in the now pending Adversary Proceeding.

18. Moreover, a stay of this appeal would reduce the burden of litigation on the parties and the Court because the issues in this appeal substantially overlap with those in the Adversary Proceeding. Both this appeal and the Adversary Proceeding turn on the operative provisions of the parties' Settlement Agreement. Given the duplicative nature of the underlying issues, staying this appeal pending resolution of the Adversary Proceeding would preserve judicial resources and reduce the litigation burden. Requiring briefing on this appeal to go forward now will create an unnecessary burden on the parties and will waste time and resources. The court has a "duty…to avoid duplicative litigation in more than one federal court." *Pfizer*, 630 F.Supp.2d at 1007 (citation omitted). Thus, judicial economy favors a stay.

19.     Finally, a stay will not prejudice the Trustee. As highlighted above, there is no need for a speedy resolution of this appeal because the purchase price proceeds from the purported sale of the Lombard Parcel are being held in escrow and the Lombard Senior Mortgage held by the Estate and the Lombard Junior Mortgage held by Appellant remain recorded against the Lombard Parcel pending the resolution of the Adversary Proceeding. In fact, the Debtor's Estate will benefit by the stay because it will avoid the undue expenditure of resources in duplicative, piecemeal proceedings, which will reduce the recoveries by creditors or equity security holders in the underlying bankruptcy case.

20.     Notwithstanding the foregoing, the Trustee has advised Appellant that he does not consent to the proposed stay of this appeal.

21.     If the Court decides not to stay this appeal, Appellant requests that the Court grant a 30-day extension of the deadline for it to file its opening brief.

WHEREFORE, Appellant requests that the Court enter an order:

A.      Staying the present appeal pending resolution of the Adversary Proceeding and entry of further order of this Court;

B.       If the Court does not stay this appeal, granting Appellant a 30-day extension of the deadline to file its opening brief; and

C.      Granting such other relief as may be equitable and just.

Respectfully Submitted,

**COLFIN BULLS FUNDING A, LLC**

By:    /s/ Jerry L. Switzer, Jr.
            One of Its Attorneys

Dated: June 1, 2015

Jerry L. Switzer, Jr.
Jean Soh
POLSINELLI PC
161 N. Clark St., Ste. 4200

50465358.3

Chicago, Illinois 60601
(312) 819-1900 Telephone
(312) 819-1910 Facsimile
jswitzer@polsinelli.com
jsoh@polsinelli.com