| | |
|---|---|
| In re: ) | |
| ) | |
| DVORKIN HOLDINGS, LLC, ) | |
| ) | |
| Debtor, ) | |
| ) | On appeal from U.S. Bankruptcy Court |
| ) | for the Northern District of Illinois, |
| ) | Eastern District |
| COLFIN BULLS FUNDING A, LLC ) | |
| ) | |
| Appellant ) | Bankr. Case No. 12-31336 (JPC) |
| ) | |
| v. ) | Judge Rebecca R. Pallmeyer |
| ) | |
| GUS A. PALOIAN, Trustee ) | Civil Case No. 15cv3118 |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

ColFin Bulls Funding A, LLC (hereinafter, "ColFin" or "Lender") appealed the judgment of the bankruptcy court authorizing the use of estate funds to enable the estate of Dvorkin Holdings, LLC (hereinafter "Dvorkin" or "Debtor") to purchase a parcel of land in Lombard, Illinois. The Lombard parcel is part of ColFin's $3,504,767.25 proof of claim against Dvorkin, approximately $1 million of which is secured by a mortgage on the Lombard parcel. ColFin argued before the bankruptcy court that the estate's purchase of the parcel (1) violates the settlement agreement reached by the parties and (2) does not reflect a sound business judgment. The bankruptcy court disagreed. It authorized the purchase under Section 363(b) of the Bankruptcy Code, presenting little explanation of that decision in its oral ruling.

ColFin appealed, but asked this court to stay the case pending further developments in the bankruptcy court. The estate's trustee, Gus Paloian ("Trustee"), objected, however, and pressed this court for a ruling. The court obliged: In an opinion dated March 14, 2016, the court remanded with instructions for the bankruptcy court to more fully assess the issue of whether the

purchase of the Lombard parcel would actually benefit the estate. *See In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993) (holding that if the bankruptcy court is silent or ambiguous as to an outcome-determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings). The Trustee has now filed a Motion for Rehearing under Federal Rule of Bankruptcy Procedure 8022 [37]. That motion is denied.

The Trustee contends that the court "made a number of critical misapprehensions of fact[,] which caused it to mistakenly conclude that it was possible for the Estate's purchase of the Lombard Parcel to cause a net loss to the Estate." (Mot. for Rehearing, R. 36, at 2.) More specifically, he argues that the court erred in its observation that the estate's purchase of the parcel may not benefit the estate, if the parties' settlement agreement is unenforceable. "On the contrary," the Trustee now assures the court, "the Estate unquestionably benefited from the purchase transaction because, at the very least, it allowed the Estate to preserve valuable claims against ColFin under the Settlement Agreement and because the Estate acquired sole ownership of the Lombard Parcel[, a stake] worth at least $650,000 . . . ." (*Id.*) He goes on to spell out the following three scenarios, which, he argues, illustrate this point:

> Scenario 1. Under this scenario, the Trustee causes the Estate to purchase the Lombard Parcel for $1,700,000.00 but ColFin succeeds in arguing that the Settlement Agreement is unenforceable. **This is the scenario the Court was concerned about in its Remand Order.** Under Scenario 1, the Estate's expenses total $1,700,000. In return the Estate receives: (a) a return of at least $970,246.13 from the purchase proceeds to pay off the Senior Mortgage; (b) a reduction in ColFin's Proof of Claim through payment of the remaining purchase proceeds in the amount of $530,000; and (c) 100% ownership of the Lombard Parcel, valued at $1,300,000.00, free and clear (receiving a net benefit of $650,000 based on acquisition of the other 50% ownership interest). ***Thus, the Estate gains a net benefit of at least $450,246.13*** (($970,246.13 + $650,000.00 + $530,000) - $1,700,000.00 = $450,246.13 net benefit);
>
> Scenario 2. Here, the Trustee causes the Estate to purchase the Lombard Parcel for $1,700,000.00, and the Trustee succeeds in his litigation against ColFin related to the Settlement Agreement. The Estate's expenses again total $1,700,000. In return the Estate receives: (a) a return of at least $970,246.13 from the purchase proceeds to pay off the Senior Mortgage; (b) satisfaction of ColFin's Junior

> Mortgage in the amount of $1,007,098.63 (through payment of $530,000.20 and waiver of any deficiency claim); (c) a reduction in ColFin's Lynwood Claim of $1,250,000 pursuant to the terms of the Settlement Agreement; and (d) 100% ownership of the Lombard Parcel, valued at $1,300,000.00, free and clear (receiving a net benefit of $650,000 based on acquisition of the other 50% ownership interest). **Under Scenario 2, the Estate likely gains a net benefit of at least $2,177,344.76** (($970,246.13 + $650,000.00 + $1,250,000.00 + $1,007,098.63) - $1,700,000.00 = $2,177,344.76 net benefit); and
>
> Scenario 3. This scenario assumes that the Trustee does not cause the Estate to purchase the Lombard Parcel and ColFin succeeds in its argument that the Settlement Agreement is unenforceable. Under Scenario 3, ColFin need not waive any portion of its Proof of Claim and the Estate does not acquire the remaining 50% ownership interest in the Lombard Parcel. Had the Settlement Agreement been enforceable, ColFin would have been required to reduce its claim by more than $1.75 million. Further, under Scenario 3 the Estate loses the opportunity to acquire the other 50% interest in the Lombard Parcel valued at $650,000. Thus, the Estate would miss the opportunity to acquire more than $2 million in net economic benefits.

(*Id.* at 8-9 (emphasis in original).)

A motion for rehearing under Federal Rule of Bankruptcy Procedure 8022 is the bankruptcy counterpart to Federal Rule of Civil Procedure 59(a). *In re Grabill Corp.*, 983 F.2d 773, 775 (7th Cir. 1993). Rule 59 exists to permit the court to correct manifest errors of law or misapprehensions of fact, not to allow losing parties a second bite at the apple, or to permit them to introduce new legal theories or facts that they simply failed to present initially. *See, e.g., Matter of McDaniel*, 217 B.R. 348, 350-51 (Bankr. N.D. Ga. 1998) (citing cases). A Rule 8022 motion "must state with particularity each point of law or act that the movant believes the district court . . . has overlooked or misapprehended." FED. R. BANKR. P. 8022(a)(2).

Although a motion for rearing is not intended to give a party a second bite at the apple, that is precisely what the Trustee has attempted to do here. Rather than provide the court with the above three-scenario analysis in the first instance, the Trustee's initial brief offered the following justification for its purchase of the Lombard parcel, which relies on the enforcement of the parties' agreement:

3

(a) the use of Estate funds to purchase the Lombard Parcel was necessary to effectuate the Settlement Agreement; (b) the Settlement Agreement would automatically terminate on April 12, 2015, if a sale of the Lombard Parcel was not consummated prior to that date; (c) purchasing the Lombard Parcel would result in the reduction of Lender's claim against the Estate under the terms of the Settlement Agreement; (d) purchasing the Lombard Parcel would result in the acquisition by the Estate of the Lombard Parcel (worth $1.3 million), free and clear of Lender's mortgage; and (e) the benefits of the reduction of Lender's claim and the acquisition of the Lombard Parcel far outweighed the net cost to the Estate of purchasing the Lombard Parcel.

(Appellee's Br., R. 25, at 12-13.)

The court is at a loss as to why the Trustee has now, for the first time, explicitly disentangled his business justification for the purchase of the Lombard parcel from the enforceability of the settlement agreement. If the Trustee assumed that the court knew the details he has now spelled out, that was an unwarranted assumption. The court must consider the arguments raised by the parties, but it cannot be expected to navigate alone through complex factual and legal issues like the ones presented here without guidance from the litigants.

The Trustee's motion relies heavily on arguments not adequately articulated previously. The court is therefore loath to grant a rehearing. The court's disinclination is only amplified by the fact that the court is uncertain about the Trustee's math. For purposes of this motion, the only relevant possibilities are Scenarios 1 & 3, the ones that assume the Settlement Agreement is unenforceable. Scenario 1 presumes that the Lombard purchase goes through. Under Scenario 3, it does not.

The Trustee casts the latter possibility as the doomsday scenario: The estate doesn't end up with a 100% ownership interest in the property, and it loses the bargain of the Settlement Agreement. But Scenario 3 rests on the assumption that no third party would purchase the parcel. That assumption holds little water with the court, given the $1.3 million bid offered by a third party in March 2015. (Appellee's Br. at 3.) If a third party purchased the parcel, the estate would not own the property outright but would also not have to use $1.7 million dollars of estate

4

funds on the deal.  The result of such a sale could be a net benefit to the estate of roughly $497,247.04, or $47,000 more than the Trustee's Scenario 1:  The estate would have no expenses.  It would receive a return of at least $970,246.13 from the purchase proceeds to pay off the senior mortgage and a reduction in ColFin's proof of claim through payment of the remaining purchase proceeds in the amount of $177,000.91.  It would, however, lose its 50% ownership of the Lombard Parcel, valued at $650,000.  All told, the estate stands to gain a net benefit of at least $497,247.04, or $47,000 more than the Trustee's Scenario 1.[1]

Beyond all this, however, the court wonders why, if the Settlement Agreement is not enforced, the estate would pay what appears to be 30% above market price for the property (i.e., $1,700,000 v. $1,300,000)?  In any event, the court is not persuaded that granting the Trustee's Rule 8022 motion is warranted.  This is particularly true because the court's order simply remands the issue to the bankruptcy court for further analysis of these questions in the first instance.  The Trustee will be free to make these same arguments there.

## **CONCLUSION**

For the reasons stated above, the Trustee's Rule 8022 motion [36] is denied.  The court also vacates its order temporarily staying the case pending this ruling [38].  This case is remanded to the bankruptcy court for further proceedings.

ENTER:

Date:  April 25, 2015

_____
REBECCA R. PALLMEYER
United States District Court

---

[1] In keeping with the Trustee's scenarios, the court assumes that closing costs will equal 11.75% of the sale price, or $152,750 on a $1,300,000 sale.

5